UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

FELIX RODRIGUEZ,

    Plaintiff,

v.                                     Case No. 5:22-cv-174-TKW-MJF

C. LIPFORD, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's amended complaint, Doc. 9, the undersigned recommends that this action be dismissed for maliciousness, under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to disclose completely and honestly his litigation history.

### I. BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections ("FDC") currently housed at the Jackson Correctional Institution. His inmate number is "T81827." On August 30, 2022, Plaintiff filed a handwritten document titled "Civil Rights Complaint Under 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a) for Declaratory and Injunctive Relief and Petition for Writ of Habeas Corpus." Doc. 1. Because this document was deficient, the undersigned instructed Plaintiff to file an amended

complaint. Doc. 4. The undersigned advised Plaintiff that Plaintiff "must ensure he completes each section of the court approved form both honestly and truthfully." *Id.* at 3.

On December 30, 2022, Plaintiff filed his first amended complaint. Plaintiff sues nine defendants: (1) Jackson Correctional Institution Warden Scott May; (2) FDC Secretary Ricky Dixon; (3) Assistant Warden A.W. Floyd; (4) C. Lipford, Mail handler; (5) Captain Brown; (6) Sergeant Sorie; (7) Property Room Officer A. Paterson, (8) Centurion Health, Inc.; (9) Officer Cook; (10) Sergeant Davis; and (11) John and Jane Does 1 through 20. Doc. 9 at 1-3, 14. Plaintiff asserts that Defendants have violated his First, Eighth, and Fourteenth Amendment rights. He alleges *inter alia* that the FDC's COVID-19 policies and procedures are inadequate, prison officials lost his personal property, prison officials have intentionally interfered with his outgoing legal mail, and prison officials have placed him in oppressive living conditions.

## II. Discussion

**A.     Screening of Plaintiff's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam). Under

the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915A(b)(1); *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

B.     **Plaintiff's Disclosures**

Section VIII of the complaint form utilized by Plaintiff seeks information regarding his prior litigation. Doc. 9 at 8–12. The complaint form expressly states: "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 8. The complaint also advises that the prisoner "should err on the side of caution if [he is] uncertain whether a case should be identified." *Id.* The complaint form then asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issues involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 9–10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any question, then the plaintiff must disclose <u>each</u> case. *Id.*

In response to Questions A and B, Plaintiff responded, "No," and did not disclose any cases. *Id.* In response to Question C, Plaintiff responded, "Yes," and disclosed that he had filed a section 2254 habeas petition in the United States District Court for the Middle District of Florida.

At the end of the complaint form, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id*. at 12. Thus, at the time Plaintiff signed his complaint, he asserted that he had only filed one section 2254 habeas petition in federal court: *Rodriguez v. Sec'y, FDC*, No. 3:20-cv-904-MMH (M.D. Fla. Mar. 23, 2020).

**C.     Plaintiff's Omissions**

Plaintiff is a frequent litigator in the federal courts. In this District alone, Plaintiff has filed three section 1983 actions challenging the conditions of his confinement, which were dismissed prior to service.[1] Plaintiff failed to disclose each of these three cases:

- *Rodriguez v. Jones*, No. 5:17-cv-131-MCR-EMT (N.D. Fla. May 3, 2017).
- *Rodriguez v. Inch*, No. 5:19-cv-373-TKW-MJF (N.D. Fla. Sept. 30, 2019).
- *Rodriguez v. DeSantis*, No. 4:20-cv-319-WS-MAF (N.D. Fla. June 8, 2020).[2]

---

[1] Under Federal Rule of Evidence 201(b), a court may take "judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

[2] These cases are attributable to Plaintiff insofar as they bear Plaintiff's FDC inmate number "T81827."

Additionally, Plaintiff failed to disclose that he incurred at least one "strike" under section 1915(g):

- *Cuevas-Rodriguez v. Rutherford*, No. 3:14-cv-1129-MMH-JBT, ECF No. 3, Order of Dismissal (M.D. Fla. Sept. 19, 2014) (dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)).[3]

Plaintiff should have listed these four cases in response to questions on the complaint form. Because he failed to disclose these cases and several others, Plaintiff violated his duty of candor to the District Court. *See Kendrick*, 2022 WL 2388425, at *3 (noting that *pro se litigants* "owe the same duty of candor to the court as imposed on any other litigant").

### D.  **Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

---

[3] When Plaintiff commenced this action, he was confined at Duval County Jail and his inmate number was 2014023282. *Id.* at ECF No. 1 at 1, 3. Although Plaintiff's current FDC inmate number does not match the Duval County Jail inmate number, this case is attributable to Plaintiff based on the allegations made in both the *Rutherford* complaint and the complaint in the instant case regarding Plaintiff's state criminal case: *Florida v. Cuevaz-Rodriguez*, No. 2014-CF-8280 (Fla. 4th Cir. Ct.). Further, in his state criminal case, Plaintiff filed various *pro se* motions, which included Plaintiff's Duval County Jail and FDC inmate numbers. *See Cuevas-Rodriguez*, No. 2014-CF-8280, Motion for Disqualification of Judge (Fla. 4th Cir. Ct.) (filed Dec. 26, 2014) (using the Duval County Jail inmate number); *id.*, Motion for Reduction of Sentence Pursuant to Fla. R. Crim. P. 3.800(C) (Fla. 4th Cir.) (filed June 17, 2016) (using the FDC inmate number).

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253,

1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. He knew from reading the complaint form that he was required to disclose all prior cases that constituted a "strike" under 1915(g), related to the conditions of his confinement, and that were dismissed prior to service. Doc. 9 at 9–11. The complaint form expressly warns prisoners: "***[F]ailure to disclose all prior cases may result in the dismissal of this case.***" *Id.* at 8. Additionally, the undersigned advised Plaintiff that Plaintiff "must ensure he completes each section of the court approved [complaint] form both honestly and truthfully." Doc. 4 at 3.

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions

on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions). To the extent he could not remember fully his litigation history or was unsure whether to disclose his cases, Plaintiff could have indicated that on the complaint form. *See* Doc. 9 at 8 (advising prisoners to err on the side of disclosure if they are uncertain about disclosing cases). He did not. Rather, he affirmatively represented that he had filed only one prior federal lawsuit before commencing this action despite filing several lawsuits in federal courts. Further, Plaintiff was aware that he should maintain in his property a list of all prior cases. At the commencement of a lawsuit, the clerk of the court sends a notice to *pro se* litigants advising litigants to keep a copy of all filings in their respective cases. Doc. 3; *see DeSantis*, No. 4:20-cv-319-WS-MAF, ECF No. 3; *Inch*, No. 5:19-vc-373-TKW-MJF, ECF No. 3. In short, there is simply no justification for Plaintiff's failure to disclose that he had filed several federal lawsuits before commencing the instant case.

Accordingly, a penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.  **The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[4] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

---

[4] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The alleged misconduct in Plaintiff's complaint began in January 2022 and are ongoing. Doc. 9 at 15 ("Defendants have and continue to have inadequate policies and procedures for managing the risk of [covid] infection and continued prison overcrowding in violation of the Eighth" and Fourteenth Amendments); *id.* at 21 (noting that he was transferred from a correctional facility in Connecticut to the Jackson Correctional Institution on January 22, 2022). Thus, the statute of limitations likely would not bar Plaintiff from refiling this action in the near future.

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>8th</u> day of March, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**